**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2204**

BRICKSTREET MUTUAL INSURANCE COMPANY,

Plaintiff - Appellee,

v.

ZURICH AMERICAN INSURANCE COMPANY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:15-cv-06172)

Argued: May 10, 2017                                                    Decided: June 8, 2018

Before WILKINSON, KEENAN and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Philip John Sbrolla, CIPRIANI & WERNER, PC, Wheeling, West Virginia, for Appellant. Don C.A. Parker, SPILMAN, THOMAS & BATTLE, PLLC, Charleston, West Virginia, for Appellee. **ON BRIEF:** Jeffrey B. Brannon, CIPRIANI & WERNER, PC, Wheeling, West Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The procedural and factual background of this case is discussed in this Court's prior decision, in which, under the Uniform Certification of Questions of Law Act, W. Va. Code §§ 51-1A-1 through 51-1A-13, this Court certified certain questions to the Supreme Court of Appeals of West Virginia (the West Virginia court). *BrickStreet Mut. Ins. Co. v. Zurich Am. Ins. Co.*, No. 16-2204, 700 F. App'x 198 (4th Cir. June 28, 2017) (unpublished). The West Virginia court accepted our request, and in accordance with its authority under W. Va. Code §§ 51–1A–4, 51–1A–6(a)(3), restated the certified questions as follows:

> (1) Does jurisdiction lie exclusively with the West Virginia Workers' Compensation Office of Judges to hear disputes between insurance carriers regarding whether one or both carriers are responsible for contributing toward payment of an employee's workers' compensation benefits?
>
> (2) West Virginia Code § 33-46A-7(a) requires that parties to a professional employer agreement designate "either" the professional employer organization (PEO) "or" the client-employer as responsible for obtaining workers' compensation insurance coverage for covered employees . . . ; and under subsection (b) of the statute, if the PEO is the designated party, the client-employer "shall at all times remain ultimately liable" to provide workers' compensation coverage for covered employees. Do these statutory provisions mandate the designated party's workers' compensation policy as the primary policy over coverage provided by the other party, precluding the PEO and client-employer from agreeing to provide shared coverage? And, if the PEO is designated as the responsible party to obtain workers' compensation coverage, does the term "ultimately" trigger liability by the client-employer for such coverage only if the PEO, or its carrier, defaults?

2

*BrickStreet Mut. Ins. Co. v. Zurich Am. Ins. Co.*, No. 17-0592, 2018 WL 1702413, at *1-2 (W. Va. Apr. 5, 2018) (*BrickStreet*). *

With respect to the first question, the parties disputed whether the district court had jurisdiction to consider the complaint filed by BrickStreet Mutual Insurance Company (BrickStreet) against Zurich American Insurance Company (Zurich). In its complaint, BrickStreet, which provided workers' compensation coverage to the relevant PEO, contended that Zurich, which provided workers' compensation coverage to the client-employer, was required to share in the cost of providing workers' compensation coverage to an injured employee. In response, Zurich filed a motion to dismiss, arguing that the West Virginia Workers' Compensation Office of Judges (the Office of Judges) had exclusive jurisdiction over the matter. The district court denied the motion, and Zurich appealed the issue to this Court.

Upon review of the restated certified questions, the West Virginia court held that the Office of Judges did not have jurisdiction to consider insurance coverage disputes, but was authorized by statute to resolve disputes regarding an injured employee's claim for

---

\* The West Virginia court determined that it need not reach the third certified question regarding "other insurance" clauses, because as explained below, the policy issued by BrickStreet Mutual Insurance Company (BrickStreet) took priority over the policy issued by Zurich American Insurance Company by operation of law. *BrickStreet*, 2018 WL 1702413, at *1 n.1. Moreover, Zurich's policy coverage was not triggered under the facts presented. *Id.* at *1-2 nn.1-2. We therefore hold that the district court erred in relying on the "other insurance" clauses of both policies in awarding summary judgment to BrickStreet.

workers' compensation benefits. *Id.* at \*6-7. Here, however, the parties did not dispute that the injured employee's claim was compensable, or that he was entitled to receive compensation benefits for his injury. *Id.* at \*6.

The question presented by BrickStreet instead involved an insurance coverage dispute between two insurance companies, addressing "whether more than one insurance company provided coverage for the incident," involving "the interpretation of statutory provisions and rules pertaining to [PEOs] and a contract made pursuant thereto." *Id.* at \*7. The West Virginia court responded that the Office of Judges "does not possess jurisdiction over a declaratory judgment action initiated by an insurance carrier for the purpose of determining whether coverage for a workers' compensation claim exists under a second policy of insurance such that a second carrier is obligated to contribute to the payment of workers' compensation benefits to an injured employee who suffered a single workplace accident." *Id.* In accordance with the West Virginia court's conclusion, we hold that the district court did not err in denying Zurich's motion to dismiss for lack of jurisdiction.

Regarding the second certified question, the parties disputed whether W. Va. Code § 33-46A-7 (the PEO statute) created a priority of coverage between (1) an insurance policy, like the BrickStreet policy, purchased by a PEO on behalf of a client-employer, and (2) a policy, like the Zurich policy, purchased by the client-employer itself. The district court held that the PEO statute did not explicitly "delineate one party's workers' compensation policy as primary to the other in the event that both a PEO and client-employer obtain coverage." Ultimately, the district court entered an award of summary

4

judgment in favor of BrickStreet, concluding that Zurich was obligated to share in the payment of benefits to the injured employee.

The West Virginia court, interpreting the PEO statute under principles of state law, clarified that the PEO statute requires parties to designate "*either* the client-employer *or* the PEO" as the responsible party to obtain workers' compensation coverage. *BrickStreet*, 2018 WL 1702413, at *9 (citing W. Va. Code § 33-46A-7(a)). In addition, the West Virginia court explained that under the PEO statute, when the parties have designated the PEO as the responsible party, the client-employer's insurer is not required "to share in the payment of workers' compensation benefits to an injured covered employee." *Id*. at *10. According to the West Virginia court, this conclusion further is supported by a rule promulgated by the West Virginia Insurance Commissioner, W. Va. C.S.R. § 85-31-6.3. *Id.* at *11. Thus, the West Virginia court determined that when parties have designated the PEO as the responsible party to obtain workers' compensation coverage, the separate coverage under the client-employer's policy "is triggered only in the event of a default on the part of the PEO or its workers' compensation carrier." *Id*.

In the present case, the parties designated the PEO, which was insured by BrickStreet, as the responsible party for obtaining workers' compensation coverage. Therefore, under the PEO statute, BrickStreet's policy took priority over Zurich's policy as a matter of law. *See id.* at *12. And because neither the PEO nor BrickStreet had defaulted on its obligations, Zurich's coverage was not triggered. *See id.*

Accordingly, applying the principles of law supplied by the West Virginia court, we hold that the district court erred in awarding summary judgment in favor of

5

BrickStreet and in declaring that Zurich was obligated to share in payment of workers' compensation benefits for the injured employee. We vacate the district court's judgment, and remand for further proceedings consistent with this opinion and the opinion of the West Virginia court.

*VACATED AND REMANDED*